UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY HALL ANDERSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SCOTT LAWRENCE, )<br>)<br>Respondent. ) | Case No. 4:10-CV-01212-NAB |

**MEMORANDUM AND ORDER**
**ON PETITIONER'S MOTION TO APPOINT COUNSEL**

Presently before the Court is Petitioner's Motion to Appoint Counsel. [Doc. 10]. Respondent did not respond to the motion. Having fully considered the arguments set forth by Petitioner, the Court denies the motion.

**Discussion**

There is no constitutional right to appointment of counsel in habeas corpus proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). In *Abdullah v. Norris*, 18 F.3d 571 (8th Cir. 1994), the Eighth Circuit Court of Appeals discussed the circumstances in which the appointment of counsel is appropriate. The court stated:

> A magistrate judge or district judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2), (a)(2)(B) (West Supp. 1993). If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). If no evidentiary hearing is necessary, the appointment of counsel is discretionary.
>
> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. *Battle* [*v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)]. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. *See* Habeas Rule 4. If

> the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it.  18 U.S.C. § 3006A(a)(2); *see also Battle*, 902 F.2d at 702.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. *See Battle*, 902 F.2d at 702; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

*Id*. at 573.

In considering the standards set forth in *Abdullah* and the claims raised in the petition, the Court finds that the appointment of counsel would not benefit Petitioner or the Court to such an extent that the interests of justice require the appointment of counsel.  Moreover, the Court finds that the petition contains claims that are not legally or factually complex and Petitioner has demonstrated an ability to present his claims in a clear and concise fashion.  Therefore, at this time, the Court will not appoint counsel to represent Petitioner.  Petitioner's motion to appoint counsel is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED**.  [Doc. 10].

Dated this 30th day of December, 2011.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE