UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY HALL ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1212 NAB |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

### Background

Petitioner was charged in the Circuit Court for the City of St. Louis with receiving stolen property. Resp't Ex. A at 12-13. The information further alleged that petitioner was a prior and persistent offender. Id. On May 13, 2009, petitioner entered a plea of guilty. Id. at 33-37.

The procedural and factual history of petitioner's state court proceedings was set forth by the Missouri Court of Appeals as follows:

> On the day set for trial, after conferring with counsel, the court informed [petitioner] that he had several options. First, he could have a jury trial because the case was assigned for trial, and a jury could be available that

afternoon. Second, he could plead guilty and be sentenced immediately. Or third, he could plead guilty and be sentenced after a pre-sentence report. The court asked [petitioner] what he wanted to do. [Petitioner] responded that he was "afraid of a blind plea," because he did not know how much time he would get. After more discussion, the court again asked [petitioner] if he wanted to plead guilty or go to trial. [Petitioner] answered:

> Well, I don't want to go to trial, so – I probably couldn't win at trial and I'd probably get fifteen years or something. You know, I'd like to resolve this today if I just had some understanding on what I could get. That's all I'm asking the Court.

The court then took a recess so [petitioner] could discuss his options with defense counsel. Afterwards, [petitioner] informed the court that he wanted to proceed with a guilty plea.

At the change of plea proceeding, [petitioner] testified that he wanted to plead guilty, he had had enough time to talk with defense counsel, and he did not have any questions for defense counsel or the court before entering his plea. He confirmed that he understood that he did not have to plead guilty, that he was entitled to a jury trial, and that he understood the rights to a jury trial that he waived by pleading guilty, including the right to present witnesses. After a factual basis for the plea was established, [petitioner] confirmed that no one had threatened him or promised him anything to induce his guilty plea. The state recommended a sentence of fifteen years, and [petitioner] affirmed that he still wanted to plead guilty. The court questioned [petitioner] about defense counsel's representation. [Petitioner] affirmed that counsel had done everything that he had asked him to do, that he had thoroughly discussed his case with counsel, and that he did not have any complaints about counsel's service. The court asked defense counsel about his representation, and defense counsel responded:

> Your Honor, we have worked together over an extended period of time on this case. My client, as he expressed in our earlier on the record exchange, is extremely frightened

of what he faces right now. Other than his fear of potential punishment that he is to receive, we've had a good working relationship and I think everything has gone well in representing him.

The court accepted [petitioner]'s guilty plea as voluntary and found that he understood what he was doing.

[Petitioner] waived a pre-sentence investigation, and defense counsel made a detailed argument explaining why a three-year sentence would be more appropriate than the fifteen-year sentence recommended by the state. The court found that [petitioner] was a prior and persistent offender and sentenced him to four years imprisonment, to be served concurrently with an unrelated sentence that [petitioner] was then serving.

The court advised [petitioner] of his post-conviction rights and again inquired about defense counsel's representation. [Petitioner] confirmed that he had had enough time at each stage of the case to discuss the charges with counsel, that counsel had answered all of his questions, that counsel had done what [petitioner] had asked counsel to do, that counsel had fully explained [petitioner]'s rights to him, that he did not have any complaints about counsel, and that he thought counsel had done a good job for him. [Petitioner] affirmed that he had no reason to think that counsel had not represented him to the best of counsel's ability.

Thereafter, [petitioner] filed a timely *pro se* Rule 24.035 motion for post-conviction relief, and appointed counsel filed a timely amended motion and request for an evidentiary hearing. In his amended motion, [petitioner] alleged that counsel had coerced him into pleading guilty because counsel thought [petitioner] had not chance of success at trial and counsel had not prepared for trial. He also alleged that counsel coerced him into pleading guilty because he was scheduled to go to trial that day and counsel had not discussed possible defenses and trial strategies with him. The amended motion did not set out any other grounds, incorporated the *pro se* motion, or pray for relief on the grounds set out in the *pro se* motion. However, a photocopy of [petitioner]'s *pro se* motion was physically attached to or filed with the

>amended motion. As relevant to th[e] appeal, the *pro se* motion contained an allegation that counsel was ineffective for failing to investigate and call three witnesses.
>
>The motion court entered Findings of Fact, Conclusions of Law and Order denying the motion and request for an evidentiary hearing. The motion court found that [petitioner] failed to allege facts that were not refuted by the record.

Resp't Ex. D at 2-4 (italics in original).

On appeal from the denial of postconviction relief, petitioner raised two points of error: that the motion court erred (1) in denying his claim that counsel was ineffective because counsel refused to prepare a defense and coerced him into pleading guilty and (2) in failing to address the claims in petitioner's pro se motion, which included a claim that counsel was ineffective for failing to investigate three witnesses. Resp't Ex. B at 12-13; Resp't Ex. D at 2.

The Missouri Court of Appeals affirmed the motion court's decision. Resp't Ex. D. The appellate court found that petitioner's claim of ineffective assistance of counsel was refuted by petitioner's sworn statements on the record to the contrary. And the state court found that the motion court did not err in failing to address petitioner's pro se motion because it was not properly included or incorporated into the amended motion and because the claim regarding failing to investigate witness was not cognizable in light of petitioner's guilty plea. Id. at 4-10.

Petitioner filed the instant petition for writ of habeas corpus on July 7, 2011. Petitioner has served his sentence and has been released from incarceration.

**Grounds for Relief**

1. Plea counsel was ineffective because he failed to prepare a defense and coerced petitioner to plead guilty.[1]

2. The motion court erred in failing to address the claims in petitioner's pro se motion, which included a claim that counsel was ineffective for failing to investigate three witnesses.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1]Petitioner frames this issue as motion court error for not holding an evidentiary hearing before dismissing his Rule 24.035 motion. This claim is not cognizable in federal habeas proceedings. However, the underlying claim is ineffective assistance, and the Court gives this ground a construction that might allow for habeas relief, if proven.

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

1. Ineffective Assistance of Counsel

In ground one of the petition, petitioner argues that plea counsel was ineffective because he failed to prepare a defense and coerced petitioner to plead guilty. Respondent argues that petitioners claim is refuted by the record.

"To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984).

"[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1976)).

Petitioner testified during his plea hearing that no one threatened him to get him to plead guilty, that his lawyer did everything petitioner asked him to do, that he had no complaints about his representation, that he had no reason to think that counsel had done anything other than represent petitioner to the best of counsel's ability, and that counsel did a "good job" for him. Resp't Ex. A at 34, 36, 45. Petitioner has not pointed to anything in the record that might refute his sworn testimony. Petitioner's allegations of coercion and incompetence are conclusory and are refuted by the record.

As a result, the state appellate court did not err, and petitioner is not entitled to relief on ground one of the petition.

### 2. Motion Court Error

In ground two of the petition, petitioner argues that the motion court erred in failing to address the claims in petitioner's pro se motion, which included a claim that counsel was ineffective for failing to investigate three witnesses. Respondent argues that the alleged failure of the state court to follow its procedural rules is not a cognizable ground for habeas relief. Respondent alternatively argues that petitioner's claim fails on the merits.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Whether the motion court committed a procedural error does not rise to the level of a constitutional or federal error and is not cognizable in these proceedings.

Moreover, petitioner has not alleged that the Missouri Court of Appeals erred legally or factually when it addressed this claim both on procedural grounds and on the merits. As a result, ground two fails to state a claim for relief.

Even if petitioner had properly alleged that counsel was ineffective for failing to call three witnesses, his claim would still fail. Once again, petitioner's claim is refuted by the record; petitioner testified that his counsel had done everything asked of him. Resp't Ex. A at 36. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989). By pleading guilty, petitioner admitted his guilt to the substantive crime charged and the requisite acts necessary to support that charge. Id. Therefore, petitioner cannot show that a more thorough investigation by counsel would have given him reason to go to trial instead of pleading guilty. As a result, petitioner is not entitled to relief on ground two of the petition.

**Conclusion**

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 10th day of July, 2013.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE